**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

|  |  |  |
|---|---|---|
| FIDELIS CYBERSECURITY, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 8:23-cv-02196-BAH |
| | ) | |
| PARTNER ONE CAPITAL, INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER

Plaintiffs Fidelis Cybersecurity, Inc. and Fidelis AcquisitionCo, LLC ("Plaintiffs"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), hereby move this Court to modify and extend the current deadlines in the scheduling order by approximately 90 days, and for good cause, states as follows:

1.    Plaintiffs filed their Complaint against Defendants on August 11, 2023 [ECF 1], and their Second Amended Complaint against Defendants on February 21, 2024 [ECF 55].

2.    After the Court denied Defendants' Motion to Dismiss the Second Amended Complaint on March 3, 2025 [ECF 65, 66], Defendants filed their Answer on April 9, 2025 [ECF 69].

3.    On April 30, 2025, the Court entered the parties' stipulated Scheduling Order, setting various deadlines for discovery and dispositive motions in the above-captioned action [ECF 75].

4.    On September 19, 2025, the parties filed a Joint Motion to Amend Scheduling Order [ECF 88].  As set forth more fully in the prior Joint Motion, the parties sought an additional one month to complete written discovery, and an additional three months to complete fact

discovery and take depositions.  In addition, at the same time, the parties were actively working with mediators to find an acceptable date for private mediation, which would rely upon documents produced in this action.

5.      The Joint Motion [ECF 88] was granted on September 17, 2025 [ECF 89].  As a result, the deadline for substantial completion of production of documents was extended to October 15, 2025, and the new fact discovery deadline was set for March 31, 2026.

6.      Since then, the parties substantially completed their document productions and produced privileged logs.  To date, Plaintiffs have produced 26,729 documents; Defendants have produced 17,743 documents. The parties also have received 31,589 documents in response to third-party subpoenas.  Finally, 300,299 additional documents were transferred from Fidelis Cybersecurity, Inc. to Defendants as part of the foreclosure sale by Runway, and, pursuant to the parties' agreed search parameters, Plaintiffs applied those parameters to this dataset and reviewed the resulting materials for privilege and responsiveness.  In total, 406,245 documents have been produced in this action.

7.      On January 21, 2026, the parties attended a mediation with Chancellor Chandler (Ret.) but were unsuccessful in reaching a settlement.

8.      Prior to and since the mediation, both parties have raised issues relating to the other side's production of documents.  The parties have held numerous meet and confers in an effort to both keep the process moving and spare the court from having to rule on unnecessary discovery motions.  As a result of these meet and confers, and since the substantial completion deadline, Plaintiffs have made 11 additional productions of 4,644 documents (totaling 20,831 pages) in response to Defendants' purported deficiency letters.  Plaintiffs did so in the spirit of cooperation and in order to move this case forward (while reserving Plaintiffs' rights to argue that these

documents are not relevant).

9.      While the parties have worked together to address discovery issues and make supplemental productions of documents as necessary, some additional discovery issues remain.[1] And because the parties have been focused on addressing and resolving the outstanding document issues, neither party has taken any depositions yet.

10.      The current fact discovery deadline is March 31, 2026 [ECF 89].

11.      Both sides agree that additional time is needed to complete fact discovery; but the parties disagree as to how much more time is needed.

12.      Since February 4, 2026, the parties have been negotiating a new schedule, but have not been able to reach an agreement, despite getting very close. The latest proposal sent by Plaintiffs on February 27 set the fact discovery deadline to June 30, 2026 (as shown more fully in the attached chart).  In response, on March 3, Defendants proposed concluding fact discovery on July 17, 2026.  Ex. A.

13.      In response to Defendants' March 3 email, on March 4, counsel for Plaintiffs spoke with counsel for Defendants over the phone. During that call, Plaintiffs' counsel made clear that they needed to reach agreement on a schedule, that they thought June 30 was reasonable, and that they would not agree to any further extensions past the 90-day extension they had already offered. Defense counsel agreed to get back to Plaintiffs with a response by the end of that week (3/6).

14.      However, resolution of the schedule was complicated by the arrival of new co-defense counsel.  After hearing nothing from the Foley law firm since the March 4 call regarding the schedule, on the evening of March 12, 2026, Plaintiffs received a letter from Andrew Jay

---

[1] For example, dating back to September 9, 2025, Plaintiffs have requested that Defendants produce Fidelis Security LLC's financial information in response to Plaintiffs' document requests.  Defendants only recently produced that information on March 17, 2026 but the production is deficient.

Graham, Esq. of Kramon & Graham stating that he and Louis Malick, Esq. had been retained to join the defense team.

15.    Despite confirming in the March 12 letter that "Bryan House and other from Foley & Lardner will remain on the team," on March 18, 2026, Mr. Malick indicated that they would "need a significant amount of time to get fully up to speed before we can meaningfully participate in depositions."  Mr. Malick then stated he believed it would "be necessary to extend the deadlines by a further 60 days from the schedule Troutman and Foley had been discussing."  Ex. B.   It was not clear, at that time, whether Defendants were seeking an additional 60 days from the Plaintiffs' or Defendants' dates set forth on Exhibit A.

16.    However, on March 23, Mr. Malick clarified Defendants' position to ask for 45 additional days from Defendants' last proposal on March 3.  Ex. C.  As shown on Exhibit C, among other dates, Defendants now seek to push the fact discovery deadline until August 31, 2026, and the dispositive motion deadline to January 8, 2027 (with briefing to conclude on February 23, 2027).

17.    In an apparent attempt to manufacture new discovery issues, on March 17, the Foley firm sent Plaintiffs a deficiency letter asking for Plaintiffs to search for, collect and produce new documents that were outside of the original scope of the parties' negotiated search terms.[2]  These new document requests, sent approximately 5 months after written discovery was to be substantially completed, seek documents that are wholly irrelevant to the claims and defenses in this litigation.[3]

---

[2] On Friday, March 20, Plaintiffs responded by letter explaining that the newly requested documents were outside of the scope and not relevant to the claims and defenses and would not be produced.

[3] Plaintiffs anticipate that, in response to this Motion, Defendants will argue that the parties need to further delay depositions based on this new "problem" with Plaintiffs' production.  But this argument, at this late stage, should not be given weight.  First, the new production requests seek, among other things, debt obligations of Fidelis Cybersecurity LLC's owners and/or affiliates, which is divorced entirely from any relevance to the claims and defenses

18.    Therefore, because written discovery is substantially complete, but the parties need additional time to conduct 45 hours of depositions, Plaintiffs respectfully submit that there is good cause to extend the current schedule by approximately ninety (90) days.

19.    The extension is necessary to serve the interests of justice and fairness and will not unduly delay the above-captioned action.  Plaintiffs' proposed dates are reasonable and indeed, an additional ninety (90) days will benefit all parties because it will allow enough time for all parties to prepare and conduct fact witness depositions.

20.    Plaintiffs proposed dates do not prejudice Defendants in any way. While Kramon & Graham has been added as new counsel, Foley & Lardner LLP is still very much involved in this litigation and available while Kramon & Graham's attorneys get up to speed.

21.    To the extent, however, Defendants request additional time past 90 days, this would unduly prejudice Plaintiffs.  Plaintiffs initiated this action on August 11, 2023, which was a little over a month after Partner One breached its contract with Plaintiffs on July 5, 2023. The parties have been litigating this matter for almost 2.5 years and have not yet proceeded past written discovery. There are sophisticated firms representing each side (in fact, now two sophisticated firms for Defendants). There is no reason to delay depositions any further. Plaintiffs are entitled to complete discovery and get a decision—whether from the Court on summary judgment or a jury.

22.    Moreover, the extension will not affect any court proceeding, such as a pretrial conference or trial date, as neither date has been set by the Court, and it will ensure dispositive briefing is completed by the end of the calendar year. The extension therefore should not have a negative impact on judicial economy or the Court's docket and case load.

---

at issue here.  Second, on this theory, the parties would never get to depositions as there would be issue after issue raised in what is becoming a transparent attempt to delay summary judgment and trial.  Plaintiffs thus are simultaneously filing a request for a status conference with the Court to address the schedule and these issues.

23.     Plaintiffs therefore request that the Court amend the scheduling order as follows:

| Event | Current Deadline | Plaintiffs' Proposed Deadline |
|---|---|---|
| Fact discovery deadline | March 31, 2026 | **June 30, 2026** |
| Deadline to serve requests for admission | April 14, 2026 | **July 14, 2026** |
| Plaintiffs' Rule 26(a)(2) disclosures | May 15, 2026 | **July 14, 2026** |
| Defendants' Rule 26(a)(2) disclosures | June 15, 2026 | **August 17, 2026** |
| Plaintiffs' rebuttal Rule 26(a)(2) disclosures | July 6, 2026 | **September 15, 2026** |
| Rule 26(e)(2) supplementation of disclosures and responses | July 20, 2026 | **September 29, 2026** |
| Close of expert discovery | August 10, 2026 | **October 30, 2026** |
| Submission of status report | August 17, 2026 | **November 2, 2026** |
| Dispositive pretrial motions deadline | September 11, 2026 | **October 2, 2026** |
| Oppositions to dispositive pretrial motions | [*No date previously*] | **October 30, 2026** |
| Replies in support of dispositive pretrial motions | [*No date previously*] | **November 13, 2026** |

24.     As discussed above, the parties have met and conferred as required by Local Rule 105.9 but have not been able to reach an agreement as to how much additional time is necessary to complete fact discovery.

WHEREFORE, Plaintiffs request that this Court grant this Second Motion to Amend Scheduling Order as set forth above, and any other relief this Court deems just and proper.:

Dated:  March 23, 2026

Respectfully submitted,

TROUTMAN PEPPER LOCKE LLP

*/s/ Toyja E. Kelley, Sr.*
Toyja E. Kelley, Sr.

-6-

Mary C. Zinsner
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 220-6939
E-mail: Toyja.kelley@troutman.com
E-mail: mary.zinsner@troutman.com

Matthew H. Adler (admitted *pro hac vice*)
Erica H. Dressler (admitted *pro hac vice*)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Tel: (215) 981-4802 (MA)
Tel: (215) 981-4356
E-mail: matt.adler@troutman.com
Email: erica.dressler@troutman.com

Christopher B. Chuff (admitted *pro hac vice*)
Kaitlin O'Donnell (admitted *pro hac vice*)
1313 Market Street
Suite 5100
Wilmington, DE 19801
Tel: (302) 777-6547
E-mail: chris.chuff@troutman.com
E-mail: Kaitlin.odonnell@troutman.com

*Counsel for Plaintiffs Fidelis Cybersecurity, Inc.
and Fidelis AcquisitionCo, LLC*

-7-

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2026, I filed the foregoing using the Court's CM/ECF system, which electronically served all current counsel of record.


/s/ *Toyja E. Kelley, Sr.*
Toyja E. Kelley, Sr.
TROUTMAN PEPPER
  HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 220-6939
E-mail: Toyja.kelley@troutman.com

*Counsel for Plaintiffs Fidelis Cybersecurity, Inc. and Fidelis AcquisitionCo, LLC*

-8-