# EXHIBIT B

| | |
|---|---|
| **From:** | Louis P. Malick <lmalick@kg-law.com> |
| **Sent:** | Friday, March 20, 2026 10:41 AM |
| **To:** | Kelley, Toyja; Andrew Jay Graham |
| **Cc:** | Dressler, Erica Hall |
| **Subject:** | RE: Fidelis Cybersecurity, Inc., et al. v. Partner One Capital, Inc., et al. |

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Dear Toyja,

Yes, our position is that the deadlines that were suggested on March 3 should be extended by 60 days. Kramon & Graham will be leading the defense of this litigation, and we need a reasonable period of time to get up to speed. This is not a simple case with a handful of pertinent documents. To the contrary, we understand the volume of documents that were produced is measured in the hundreds of thousands.  We are diligently working to get up to speed, but this inevitably is going to take a substantial amount of time.

Plaintiffs have taken the position that this is a case with substantial damages exposure for the Defendants. In fact, according to Plaintiffs, the consequences to Defendants if there is a Plaintiffs' verdict would be measured at more than $100 million. In other words, the financial injury to Defendants if their defenses don't prevail could be catastrophic. We, of course, see the case very differently -- we believe the litigation will show that Plaintiffs were the wrongdoers and brought this case out of Plaintiffs' own desperation regarding their financial situation -- but it is a case that must be defended vigorously, in a manner proportionate to what is being claimed.

You have said multiple times that Plaintiffs want this case to move forward more quickly and for dispositive motion briefing to conclude this calendar year. As far as we know, that is not based on anything other than Plaintiffs' own preferences, as there does not appear to be any special circumstance requiring particular urgency. To the contrary, this is a complex but rather ordinary business dispute, and there is no reason to force it to proceed in something other than an orderly fashion that would allow the parties to complete the discovery that needs to be completed.

One of the principal reasons why document discovery should continue as we request is that Plaintiffs keep producing more and more previously undisclosed documents that are unfavorable or even highly damaging to Plaintiffs' case. As Plaintiffs produce more documents, and Defendants ask more questions as a result, even more unproduced documents (that are unfavorable to Plaintiffs) have come to light. The fact that this scenario keeps happening leads to logical concerns that there are other surprise documents that remain undisclosed.

We need the additional time we seek to identify all relevant evidence. We are not asking for an unreasonable extension of time, which is just two months beyond what the parties were contemplating before the last several examples of discoverable documents not being produced came to light.

**Louis P. Malick**

410.347.7419 D
lmalick@kg-law.com | vCard



KRAMON
&
GRAHAM
ATTORNEYS AT LAW

Kramon & Graham, P.A. | 750 East Pratt Street | Suite 1100 | Baltimore, Maryland 21202
410.752.6030 O | 410.539.1269 F | www.kramonandgraham.com

---

**From:** Kelley, Toyja <Toyja.Kelley@troutman.com>
**Sent:** Thursday, March 19, 2026 3:25 PM
**To:** Louis P. Malick <lmalick@kg-law.com>; Andrew Jay Graham <agraham@kg-law.com>
**Cc:** Dressler, Erica Hall <Erica.Dressler@troutman.com>
**Subject:** Re: Fidelis Cybersecurity, Inc., et al. v. Partner One Capital, Inc., et al.

Good afternoon, Louis.

Thank you for your email. I suggest that there are three interrelated issues here regarding schedule: the status of our close-to-agreement dialogue with the Foley firm, the impact of your firm's entry into the case on that dialogue, and Defendants' most recent objections to my client's production (Foley's letter this week re Diamond Creek and other loans). The purpose of this email is to ask you to clarify precisely what Defendants' position is on schedule so that we can go to the Court having accurately described that position.

If I understand correctly your email, it is that notwithstanding the extensive dialogue (attached here) between Foley's Bryan House and my partner Erica Dressler in which the two sides materially narrowed the gap between them on schedule, and so Mr. House on March 3 "added another column to the right with the dates that we can live with," you are now adding 60 days to that schedule and on that basis would agree. Is that correct? For the avoidance of doubt, we do not agree to that proposal but, again, for present purposes I want to make sure I am correctly tracking your position.

We understand as well that the two bases for this position are your recent entry and Defendants' ongoing issues with Plaintiffs' production. We will contend that neither justify an additional 60 days from Mr. House's last proposal, especially since his March 3 proposal already put this action on a significantly slower schedule than Plaintiffs want and had repeatedly proposed (again, see attached). We understand that your Firm needs reading in time – we've all been there – but that time is running right now and we don't see the need for so much additional time. Defendants made their selection of new counsel on the eve of the present deadline expiring and right in the middle of our negotiations with a different firm. Those factors should not countermand placing this case on a reasonable track.

Nor do we see this delay justified by Defendants' latest objections to Plaintiffs' production. Without arguing the merits here (we will separately respond to this week's letter from Foley regarding Diamond Creek and other loans), I can tell you here that Plaintiffs will be objecting to these demands on relevance and burden grounds and so see absolutely no basis on which these issues reasonably should impact the schedule. On this specific issue, the dispute will likely go to the Court; more generally, we reject what appears to be a continued position by Defendants that every time they raise an issue about document production, the commencement of deposition dates recedes like the horizon.

I'm happy to discuss this further. Please let me know if you believe that I got anything wrong above. Thanks.

2

- Toyja


**Toyja Kelley Sr.\***
**Partner**
**troutman pepper locke**
Direct: 202.220.6939 | Mobile: 301.524.1665
toyja.kelley@troutman.com
View My **BIO** I Connect on **LinkedIn**
Former President of **DRI | Lawyers Representing Business** and **The Center for Law and Public Policy**

---

**From:** Louis P. Malick <lmalick@kg-law.com>
**Sent:** Wednesday, March 18, 2026 6:12 PM
**To:** Kelley, Toyja <Toyja.Kelley@troutman.com>; Andrew Jay Graham <agraham@kg-law.com>
**Cc:** Dressler, Erica Hall <Erica.Dressler@troutman.com>
**Subject:** RE: Fidelis Cybersecurity, Inc., et al. v. Partner One Capital, Inc., et al.

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Good afternoon, Toyja,

My understanding as to the schedule is that the parties may have been close to an agreement in certain respects but that the schedule as a whole was being treated as a package deal and no agreement had actually been reached.  From our limited time being involved in the case, it seems to us that there are significant outstanding issues regarding document production that still need to be addressed and which may need to be brought to the Court for resolution, and that further document productions may create further questions that will need to be answered.  And, for a case of this size, as I trust you understand, we will need a significant amount of time to get fully up to speed before we can meaningfully participate in depositions.  For both of those reasons, we think it will be necessary to extend the deadlines by a further 60 days from the schedule Troutman and Foley had been discussing.  Even that may be optimistic, and it would depend on the documents outlined in Bryan House's letter of yesterday being produced by the Plaintiffs in very short order.

We are confident that we would be able to work together with you to select mutually agreeable dates based on those parameters, and we are happy to have that discussion with you in the coming days.  But, if you feel the need to bring this to the Court sooner than that, you are, of course, free to file such a motion, and we will respond accordingly.

Thanks.

**Louis P. Malick**

410.347.7419 D
lmalick@kg-law.com  |  vCard



Kramon & Graham, P.A. | 750 East Pratt Street | Suite 1100 | Baltimore, Maryland 21202
410.752.6030 O | 410.539.1269 F | www.kramonandgraham.com

---

**From:** Kelley, Toyja <Toyja.Kelley@troutman.com>
**Sent:** Wednesday, March 18, 2026 8:53 AM
**To:** Louis P. Malick <lmalick@kg-law.com>; Andrew Jay Graham <agraham@kg-law.com>
**Cc:** Dressler, Erica Hall <Erica.Dressler@troutman.com>
**Subject:** Re: Fidelis Cybersecurity, Inc., et al. v. Partner One Capital, Inc., et al.

Good morning, Gentlemen.

Our team is reviewing the financial documents produced last night and will follow up with any additional questions/issues. In the meantime, I wanted to turn to the other issue raised during our call on Monday and that is the schedule. As Erica mentioned, the current discovery deadline is at the end of this month and the parties had seemingly agreed on a number of extensions but had not agreed on the deadline for dispositive motions briefing. Our client wants to have briefing concluded in this calendar year. I'll invite Erica to add any other deadlines for which we have not yet reached an agreement.

Given the looming current discovery deadline, we need to resolve these last scheduling issues today. Have you all had a chance to confer with your client and/or Foley on the schedule? We are prepared to file a motion to extend the schedule by COB today and to also ask Judge Hurson for a status conference in the hopes we can expedite a resolution of the schedule. Given how long this case has been pending, I think it is reasonable that dispositive motions are fully briefed in this year. Please let us know your position on the schedule ASAP so that we can get this in front of the court. Thanks.

- Toyja

**Toyja Kelley Sr.\***
**Partner**
**troutman pepper locke**
Direct: 202.220.6939 | Mobile: 301.524.1665
toyja.kelley@troutman.com
View My **BIO** I Connect on **LinkedIn**
Former President of **DRI | Lawyers Representing Business** and **The Center for Law and Public Policy**

---

**From:** Kelley, Toyja <Toyja.Kelley@troutman.com>
**Sent:** Tuesday, March 17, 2026 1:53 PM
**To:** Louis P. Malick <lmalick@kg-law.com>; Andrew Graham <agraham@kg-law.com>
**Cc:** Dressler, Erica Hall <Erica.Dressler@troutman.com>
**Subject:** Re: Fidelis Cybersecurity, Inc., et al. v. Partner One Capital, Inc., et al.

Good afternoon, Guys.

Erica and I were hoping that we would get the financial documents yesterday? Can you provide us with a concrete ETA? We are completely understanding of the two of you being thrusted into the middle of this dispute, but, as Erica pointed out, we have been trying to resolve this issue with your client and prior counsel since December. If we do not get the documents today, we just have to move forward with the motion to compel process. And given that the documents issue also implicates the scheduling issue we also discussed, we would likely seek to address that issue as well in the same motion. Hopefully we can hear from you shortly. Thanks.

- Toyja

**Toyja Kelley Sr.\***
**Partner**
**troutman pepper locke**
Direct: 202.220.6939 | Mobile: 301.524.1665
toyja.kelley@troutman.com
View My **BIO** I Connect on **LinkedIn**

Former President of **DRI | Lawyers Representing Business** and **The Center for Law and Public Policy**

---

**From:** Louis P. Malick <lmalick@kg-law.com>
**Sent:** Monday, March 16, 2026 11:25 AM
**To:** Kelley, Toyja <Toyja.Kelley@troutman.com>; Andrew Jay Graham <agraham@kg-law.com>; BHouse@foley.com <BHouse@foley.com>
**Cc:** Adler, Matt <Matt.Adler@troutman.com>; Dressler, Erica Hall <Erica.Dressler@troutman.com>; Marko, Mia S. <Mia.Marko@troutman.com>; Chuff, Christopher B. <Chris.Chuff@troutman.com>
**Subject:** RE: Fidelis Cybersecurity, Inc., et al. v. Partner One Capital, Inc., et al.

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Yes.  I just sent a Teams link to you and Erica.

**Louis P. Malick**

410.347.7419 D
lmalick@kg-law.com  |  vCard



KRAMON
&
GRAHAM
ATTORNEYS AT LAW

Kramon & Graham, P.A. | 750 East Pratt Street | Suite 1100 | Baltimore, Maryland 21202
410.752.6030 O | 410.539.1269 F | www.kramonandgraham.com

**From:** Kelley, Toyja <Toyja.Kelley@troutman.com>
**Sent:** Monday, March 16, 2026 11:23 AM
**To:** Louis P. Malick <lmalick@kg-law.com>; Andrew Jay Graham <agraham@kg-law.com>; BHouse@foley.com
**Cc:** Adler, Matt <Matt.Adler@troutman.com>; Dressler, Erica Hall <Erica.Dressler@troutman.com>; Marko, Mia S. <Mia.Marko@troutman.com>; Chuff, Christopher B. <Chris.Chuff@troutman.com>
**Subject:** Re: Fidelis Cybersecurity, Inc., et al. v. Partner One Capital, Inc., et al.

Yes. I will make that work. I am away from my fesj can you send us a link?

Get Outlook for iOS

---

**From:** Louis P. Malick <lmalick@kg-law.com>
**Sent:** Monday, March 16, 2026 11:15:51 AM
**To:** Kelley, Toyja <Toyja.Kelley@troutman.com>; Andrew Jay Graham <agraham@kg-law.com>; BHouse@foley.com <BHouse@foley.com>
**Cc:** Adler, Matt <Matt.Adler@troutman.com>; Dressler, Erica Hall <Erica.Dressler@troutman.com>; Marko, Mia S. <Mia.Marko@troutman.com>; Chuff, Christopher B. <Chris.Chuff@troutman.com>
**Subject:** RE: Fidelis Cybersecurity, Inc., et al. v. Partner One Capital, Inc., et al.

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Toyja,

Andy and I are available at noon.  Does that work for you?

6

**Louis P. Malick**

410.347.7419 D
lmalick@kg-law.com | vCard



KRAMON
&
GRAHAM
ATTORNEYS AT LAW

Kramon & Graham, P.A. | 750 East Pratt Street | Suite 1100 | Baltimore, Maryland 21202
410.752.6030 O | 410.539.1269 F | www.kramonandgraham.com

---

**From:** Kelley, Toyja <Toyja.Kelley@troutman.com>
**Sent:** Monday, March 16, 2026 11:09 AM
**To:** Louis P. Malick <lmalick@kg-law.com>; Andrew Jay Graham <agraham@kg-law.com>; BHouse@foley.com
**Cc:** Adler, Matt <Matt.Adler@troutman.com>; Dressler, Erica Hall <Erica.Dressler@troutman.com>; Marko, Mia S. <Mia.Marko@troutman.com>; Chuff, Christopher B. <Chris.Chuff@troutman.com>
**Subject:** Re: Fidelis Cybersecurity, Inc., et al. v. Partner One Capital, Inc., et al.

Good morning, Louis.

I certainly appreciate you and Andy's new entry into this case. As you are probably aware, the issue of your client's production of the requested financial documents has been something that my client has been actively pursuing for some time now. Given prior counsel's commitment to produce those documents we unfortunately cannot wait much longer before having to seek court intervention. However, I would like to have a conversation with you before doing so. Please let us know as soon as you are available to meet with us today. My colleague Erica and I will make ourselves available to speak with you. Thanks.

- Toyja

Get Outlook for iOS

---

**From:** Louis P. Malick <lmalick@kg-law.com>
**Sent:** Friday, March 13, 2026 5:59:23 PM
**To:** Kelley, Toyja <Toyja.Kelley@troutman.com>; Andrew Jay Graham <agraham@kg-law.com>; BHouse@foley.com <BHouse@foley.com>
**Cc:** Adler, Matt <Matt.Adler@troutman.com>; Dressler, Erica Hall <Erica.Dressler@troutman.com>; Marko, Mia S.

<Mia.Marko@troutman.com>; Chuff, Christopher B. <Chris.Chuff@troutman.com>
**Subject:** RE: Fidelis Cybersecurity, Inc., et al. v. Partner One Capital, Inc., et al.

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Toyja,

As you know, Andy and I are just getting into this case and are still getting up to speed on the pending issues.  We anticipate that you will be receiving the financial statements you requested shortly.

Andy and I look forward to working with you.

**Louis P. Malick**

410.347.7419 D
lmalick@kg-law.com  |  vCard



Kramon & Graham, P.A. | 750 East Pratt Street | Suite 1100 | Baltimore, Maryland 21202
410.752.6030 O | 410.539.1269 F | www.kramonandgraham.com

---

**From:** Kelley, Toyja <Toyja.Kelley@troutman.com>
**Sent:** Friday, March 13, 2026 11:51 AM
**To:** Andrew Jay Graham <agraham@kg-law.com>; Louis P. Malick <lmalick@kg-law.com>; BHouse@foley.com
**Cc:** Adler, Matt <Matt.Adler@troutman.com>; Dressler, Erica Hall <Erica.Dressler@troutman.com>; Marko, Mia S. <Mia.Marko@troutman.com>; Chuff, Christopher B. <Chris.Chuff@troutman.com>
**Subject:** Fidelis Cybersecurity, Inc., et al. v. Partner One Capital, Inc., et al.

Good morning, Andy,

Welcome to you and Louis to this case. While my involvement to date has largely been behind the scenes, things have reached a point in which I will becoming more involved and I look forward to working with you and Louis as well. We are especially eager to resolve the case deadline extensions and deposition schedule in this matter, which have now been the subject of discussion between counsel for several weeks. We had thought that we and the Foley firm were close to resolving that. We note that this yesterday we made a supplemental production of the Diamond Creek documents requested by the Foley firm as part of their supplemental requests, further narrowing the issues in play.

As to the financial documents, we were more than "close." Mr. House informed us one week ago today that Defendants would produce those documents on that day (i.e. last Friday) or, at the latest, this past Monday. This made sense as the parties had jointly and successfully obtained a change in the Court-issued protective order to accommodate PartnerOne's production concerns. We had thought, and Mr. House seemed to agree, that the production of these documents would follow virtually immediately. It has not, despite Mr. House's commitment and despite several follow-ups from our firm, which more recently went unanswered.

Does your appointment convey that PartnerOne changed its view on that production? If so, we will have to proceed toward a motion to compel. If not, then we do expect those documents today. We note that this week we made a supplemental production of documents requested by the Foley firm as part of their follow up. Given all of this and the possibility for the need for motions practice, I hope you can understand the urgency in getting the issue of the promised financial documents resolved as soon as possible. Thank you.

- Toyja

**Toyja Kelley Sr.***
**Partner**
**troutman pepper locke**
Direct: 202.220.6939 | Mobile: 301.524.1665
toyja.kelley@troutman.com
View My **BIO** I Connect on **LinkedIn**

Former President of **DRI | Lawyers Representing Business** and **The Center for Law and Public Policy**

---

NOTICE: This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. E-mails may be monitored or scanned for security and compliance purposes. For more information, including privacy notices and policies, please visit www.troutman.com If services are provided by Troutman Pepper Locke UK LLP, please see our London office page (//www.troutman.com/offices/london.html) for regulatory information.

This communication is from a law firm and may contain confidential or privileged information. If you believe that the email was not intended for you, please reply to the sender or call 410-752-6030.

9

This communication is from a law firm and may contain confidential or privileged information. If you believe that the email was not intended for you, please reply to the sender or call 410-752-6030.

This communication is from a law firm and may contain confidential or privileged information. If you believe that the email was not intended for you, please reply to the sender or call 410-752-6030.
This communication is from a law firm and may contain confidential or privileged information. If you believe that the email was not intended for you, please reply to the sender or call 410-752-6030.
This communication is from a law firm and may contain confidential or privileged information. If you believe that the email was not intended for you, please reply to the sender or call 410-752-6030.